UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DARNELL WILSON, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:17-cv-04575-TWP-MPB |
| THE STATE OF INDIANA, | ) ) ) |
| Respondent. | ) |

**Order Denying Petition for Writ of Habeas Corpus**

This matter is before the Court on Petitioner Darnell Wilson's ("Wilson") Petition for Writ of Habeas Corpus. Wilson is serving a 16-year sentence for his 2015 Marion County, Indiana conviction for Class B felony aggravated battery and adjudication that he is a habitual offender. He brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons that follow, Wilson's petition is **denied** and the action **dismissed without prejudice**. In addition, the Court finds that a certificate of appealability should not issue.

**I. Factual and Procedural Background**

On March 5, 2015, after a one-day trial, a jury found Wilson guilty of aggravated battery. Wilson waived his right to a jury trial on the habitual offender count, and the trial court heard evidence and took the matter under advisement. On March 20, 2015, the trial court found Wilson to be a habitual offender and sentenced him to an aggregate term of sixteen years. *See Wilson v. State*, 46 N.E.3d 1282, 2016 WL 381274, *3 (Ind. Ct. App. 2016).

Wilson appealed, arguing that the deputy prosecutor committed misconduct, entitling him to a new trial. On February 1, 2016, the Indiana Court of Appeals affirmed the conviction and sentence. *Id.* at *4. Wilson did not seek discretionary review from the Indiana Supreme Court.

On October 19, 2016, Wilson filed a *pro se* petition for post-conviction relief. The state trial court appointed the Indiana State Public Defender to represent him, and the public defender entered an appearance on November 7, 2016. However, on November 8, 2017, the State Public Defender filed a motion to withdraw appearance, having presented a no merit review memo to Wilson. The attorney for the State Public Defender's office represented to the trial court that Wilson had been consulted regarding the grounds raised in his *pro se* petition, and that the public defender had conducted a proper investigation of the record. *See* Dkt. 1 at 9-12, dkt. 5-8. The trial court granted the public defender's motion on November 16, 2017.

The trial court conducted a post-conviction evidentiary hearing on January 16, 2018, but on that same date, Wilson moved to withdraw his *pro se* petition for post-conviction relief without prejudice. The trial court granted his motion.

Prior to the post-conviction evidentiary hearing, Wilson filed this petition for a writ of habeas corpus.

## II. Discussion

"Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts." *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). To meet this requirement, a petitioner "must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.* at 1025-26. In Indiana, that means presenting his arguments to the Indiana Supreme Court. *Hough v. Anderson*, 272 F.3d 878, 892 (7th Cir. 2001). A federal claim is not fairly presented unless the petitioner "put[s] forward operative facts and controlling legal principles." *Simpson v. Battaglia*, 458 F.3d 585, 594 (7th Cir. 2006) (citation and quotation marks omitted). Procedural default

"occurs when a claim could have been but was not presented to the state court and cannot, at the time that the federal court reviews the habeas petition, be presented to the state court." *Resnover v. Pearson*, 965 F.2d 1453, 1458 (7th Cir. 1992).

Wilson alleges that his trial counsel failed to provide effective assistance of counsel. However, the ineffective assistance of counsel claim has never been presented to the Indiana Court of Appeals or the Indiana Supreme Court. Before presenting the claim to a federal court, Wilson must have presented the claim to the Indiana Court of Appeals and the Indiana Supreme Court. *See Hough*, 272 F.3d at 892.

If a petitioner has not fairly presented his claims to the state courts, a petitioner may nevertheless circumvent his failure to exhaust state remedies if either (1) no state corrective process is available to address his claims, or (2) circumstances exist that render such process ineffective to protect his rights. 28 U.S.C. § 2254(b)(1)(B); *Castille v. Peoples*, 489 U.S. 346, 349 n. 1 (1989); *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *Sceifers v. Trigg*, 46 F.3d 701, 703 (7th Cir. 1995). Wilson has not presented any such arguments.

Accordingly, because Wilson has failed to exhaust his state court remedies, which is his burden to prove, *Baldwin v. Lewis*, 442 F.2d 29 (7th Cir. 1971), his petition must be dismissed.

### III. Conclusion

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). Wilson has failed to exhaust his state court remedies. He has not shown the existence of circumstances permitting him to overcome this hurdle, and hence is not entitled to the relief he seeks. His petition for a writ of habeas corpus is therefore **denied without prejudice**. Judgment consistent with this Order shall now issue.

## IV. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the Court finds that the petitioner has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 3/28/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DARNELL WILSON
985480
MIAMI – CF
MIAMI CORRECTIONAL FACILITY
Inmate Mail/Parcels
3038 W. South 250
Bunker Hill, IN 46914

James Blaine Martin
INDIANA ATTORNEY GENERAL
james.martin@atg.in.gov